Argued and submitted March 18, affirmed October 21, 1992

## In the Matter of the Compensation of
## Theron Stiehl, Claimant.

### Theron STIEHL,
*Petitioner,*

*v.*

### TIMBER PRODUCTS
### and SAIF Corporation,
*Respondents.*

### (WCB 89-10062; CA A69536)

839 P2d 755

Donald M. Hooton, Eugene, argued the cause for petitioner. On the brief were Dale C. Johnson and Malagon, Moore & Johnson, Eugene.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Petitioner seeks review of an order of the Workers' Compensation Board that treatments he received from a naturopathic physician were outside the scope of the physician's license and therefore not compensable. Petitioner argues that the Board did not have the authority to determine that issue and that SAIF should have been required to pay for the treatments, leaving it to recover those payments later in the event that the Board of Naturopathic Examiners determined that the physician acted beyond the scope of his license. We affirm.

Petitioner sustained a compensable injury to his hands. He received treatment with limited success from a hand surgeon and then sought treatment from Dr. Kadish, a naturopathic physician. Kadish's treatment primarily consisted of trigger point injections that relieved some of claimant's symptoms. SAIF agreed that the injection treatment would have been "reasonable and necessary," and compensable, but for the fact that the person who administered the treatment was not authorized to do so. SAIF argues that it is authorized to pay for "medical services" only and that such services are those provided by a "medical service provider," who is "a person duly licensed to practice one or more of the healing arts" acting within the scope of the license. OAR 436-10-005(25), (26); *see also* OAR 436-10-050. SAIF then argues that Kadish acted beyond the scope of his naturopathic license, as limited by ORS 685.030(4):

> "Nothing in this chapter shall be construed to:
>
> "* * * * *
>
> "(4)  Authorize the administration of any substance by the penetration of the skin or mucous membrane of the human body for a therapeutic purpose [by a naturopathic physician]."

Claimant argues that the Board is not authorized to determine the scope of a physician's license, because that is not a matter concerning a claim. ORS 656.704(3). The Board disagreed and, on the basis of the referee's findings, which the Board adopted, concluded that the trigger point injections were administered for a therapeutic purpose and were, therefore, beyond the scope of Kadish's medical license.

ORS 656.704(3) provides, in part, that

"matters concerning a claim * * * are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue."

In this case, whether Kadish acted within the scope of his license in administering trigger point injections is a "matter in which [claimant's] right to receive compensation * * * is directly in issue." ORS 656.704(3). The Board's conclusion that Kadish acted beyond the scope of his license is supported by substantial evidence and affects *only* this claimant's right to receive compensation for the treatment at issue.

Claimant's other assignments of error do not merit discussion.

Affirmed.